UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Barry L. Rhodes, # 121117, | C/A No 9:09-01863-JFA-BM |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Seventh Circuit Solicitors Office; Spartanburg County Public Defenders Office; Charles Sanders, Public Defender, | |
| Defendants. | |

Barry L. Rhodes (Plaintiff)), proceeding *pro se*, brings this civil action which has been construed as filed pursuant to 42 U.S.C. § 1983.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Plaintiff currently is incarcerated at the Broad River Correctional Institution, a facility of the South Carolina Department of Corrections, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. In this complaint, Plaintiff states that he is attempting to litigate constitutional violations under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution. Plaintiff names as defendants the Seventh Circuit Solicitors Office, the Spartanburg County Public Defenders Office, and Public Defender Charles Sanders.

---

*Even though Plaintiff seeks a reduction of his sentence (which is habeas relief) as well as damages, his civil action has been construed as one filed pursuant to 42 U.S.C. § 1983, and he has been informed by separate order that he must file a separate habeas action if he intends to pursue habeas relief.



## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys, *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal

2



construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Plaintiff files this § 1983 action against defendants who, apparently, were involved in his 1984 criminal prosecution. In order to state a cause of action under § 1983, an aggrieved party must allege: (1) that he or she was deprived of any rights, privileges or immunities secured by the Constitution and laws of the United States; (2) by a person acting under color of state law. *See* 42 U.S.C. § 1983; *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317-24 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). It appears that Defendant Sanders, now deceased, was the Public Defender who represented Plaintiff at his criminal trial. As there is no state action on the part of this defendant, this action should be dismissed as to Defendant Sanders.



3

Additionally, Defendants Spartanburg County Public Defenders Office and Seventh Circuit Solicitors Office should also be dismissed. The "Spartanburg County Public Defenders Office" and the "Seventh Circuit Solicitors Office" are not "persons" within the meaning of § 1983. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). The Public Defenders Office and Solicitors Office are apparently either buildings or facilities. Inanimate objects, such as buildings, facilities, and grounds, do not act under color of state law. Hence, these defendants are not "persons" subject to suit under § 1983. *See Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982); *Newell v. Montgomery County Public Defender's Office*, 2009 WL 1392838 (M.D. Tenn. 2009).

Even if the Public Defenders Office and the Solicitors Office could be construed as "persons" under § 1983, as previously explained, there would be no state action on the part of Spartanburg County Public Defenders Office, and the Seventh Circuit Solicitors Office would be entitled to prosecutorial immunity, as would any individual Solicitor or Assistant Solicitor within that office. To the extent that Plaintiff intended to name a prosecutor with the Seventh Circuit Solicitors Office as a defendant, the actions taken by a prosecutor of preparing a criminal charge and prosecuting the case against Plaintiff were part of the judicial process; therefore the prosecutor has absolute immunity from suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is immunity from suit rather than a mere defense to liability.")

In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Prosecutors are protected by immunity for activities in or connected with judicial proceedings. *See*



4

*Van de Kamp v. Goldstein*, __ U.S. __, 129 S. Ct. 855, 859-62 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reid*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000). In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. This absolute immunity from suit applies when prosecutors exercise their prosecutorial discretion, such as making the determination to go forward with indictment. *See Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997); *Carter v. Burch*, 34 F.3d 257 (4th Cir. 1994); *Pachaly v. City of Lynchburg*, 897 F.2d 723 (4th Cir. 1990); *Weller v. Dep't of Soc. Servs.*, 901 F.2d at 387 (4th Cir. 1990).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319, 324-25; *Haines v. Kerner*, 404 U.S. at 519; *Brown v. Briscoe*, 998 F.2d 201, 202-04 & n.* (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 70; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Bristow Marchant
United States Magistrate Judge

July 26, 2009
Charleston, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**



5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

