IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Barry L. Rhodes, #121117, ) | C/A No.: 9:09-1863-JFA-BM |
| ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| Seventh Circuit Solicitors Office; Spartanburg ) | |
| County Public Defenders Office; Charles ) | |
| Sanders, Public Defender, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Barry L. Rhodes, is an inmate at the Broad River Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"). He initiated this action pursuant to 42 U.S.C. § 1983 contending that the defendants violated his constitutional rights in relation to his 1984 criminal prosecution. He is no longer in custody on those convictions. He seeks money damages and a reduction in his state sentence.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should summarily dismiss the complaint. The Report sets forth in detail the relevant facts and standards of law on this matter, and the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

court incorporates such without a recitation. The plaintiff did not file timely objections to the Report and Recommendation which was entered on the docket on July 29, 2009.

In the Report, the Magistrate Judge correctly suggests that defendant Sanders, now deceased, should be dismissed because an attorney does not act under color of state law which is a jurisdictional prerequisite for actions under 42 U.S.C. § 1983. Sanders was the Public Defender who represented plaintiff at his state criminal trial. Additionally, the Spartanburg County Public Defenders Office and Seventh Circuit Solicitors Office are not "persons" within the meaning of § 1983 and should be dismissed as well.

After a careful review of the record, the applicable law, and the Report, the court finds the Magistrate Judge's recommendation to be proper and the Report is incorporated herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

August 19, 2009  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge